**ANY PARTY WISHING TO OBJECT TO THE EMERGENCY MOTION MAY RAISE ANY SUCH OBJECTIONS IN WRITING OR ORALLY PRIOR TO OR AT THE HEARING SCHEDULED FOR MARCH 10, 2026.**

## SERVICE

This Notice has been served on all parties of record via CM/ECF electronic notification and/or First Class U.S. Mail as reflected in the Certificate of Service below.

Respectfully submitted,

**Brian Sexton**
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, Illinois 60610
Phone: (708) 820-8170
Email: bsextoneil@gmail.com
Date: March 6, 2026

---

## CERTIFICATE OF SERVICE

I, Brian Sexton, hereby certify that on March 6, 2026, I filed the foregoing Notice of Hearing with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois via CM/ECF and served copies upon the following parties by electronic mail (for CM/ECF registrants) and by First Class U.S. Mail (for non-registrants), postage prepaid:

**Via CM/ECF / Electronic Mail:**

Marilyn O. Marshall, Chapter 13 Trustee — courtdocs@chi13.com
Kristin J. Conwell — KristinConwell@hsbattys.com; hbm@ecf.courtdrive.com; bankruptcy@hsbattys.com
Jeffrey K. Paulsen — jpaulsen@ph-firm.com
All CM/ECF registered parties

**Via First Class U.S. Mail:**

All non-registrant creditors at addresses set forth in the service list filed with the Notice of Appeal on February 25, 2026.

**Brian L. Sexton**
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, Illinois 60610
Date: March 6, 2026

2

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**3/06/2026**

**JEFFREY P. ALLSTEADT, CLERK**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS<br>EASTERN DIVISION | Case No. 25-18672<br>Hon. Deborah L. Thorne<br>Chapter 13 |
| In re: | |
| BRIAN SEXTON, | |
| Debtor. | |

## DEBTOR'S EMERGENCY MOTION FOR STAY PENDING APPEAL
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007(a)

Debtor Brian Sexton, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 8007(a) for a stay pending appeal of this Court's Order of Dismissal entered February 11, 2026 ('Dismissal Órder'). In support, Debtor states:

### BACKGROUND

1. On February 11, 2026, this Court entered the Dismissal Order dismissing Debtor's Chapter 13 case (Case No. 25-18672) for failure to make plan payments and imposing a one-year nationwide refiling bar under 11 U.s.c. 109(g)(1).

2. On February 25, 2026, Debtor timely filed a Notice of Appeal pursuant to FRBP 8002 and 8003, electing review by the United States District Court for the Northern District of Illinois pursuant to 28 U.s.c. 158(c)(1).

3. The appeal raises four substantial issues: (a) whether Debtor received an adequate hearing before dismissal; (b) whether the one-year refiling bar is an abuse of discretion under 11 U.S.C. 109(g)(1); (c) whether the January 28, 2026 no-stay order was properly analyzed; and (d) whether the Court failed to apply the cure provisions of 11 U.S.C. 1307(c).

4. As required by FRBP 8007(a), Debtor moves this Court in the first instance for a stay before seeking relief from the District Court. Fuli factual and legal support is set forth in the accompanying Memorandum of Law and Declaration of Brian L. Sexton, incorporated by reference.

### STANDARD

A stay pending appeal requires satisfaction of four factors: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) no substantial harm to other parties; and (4) no harm to the public interest. Hilton V. Braunskill, 481 U.S. 770, 776 (1987); In re Forty-Eight Insulations, Inc., 115 B.R. 373 (Bankr. N.D. Ill. 1990). All four factors are met here.

## GROUNDS FOR STAY

1 Likelihood of Success. The appeal raises substantial legal questions regarding procedural due process, the proportionality of the one-year refiling bar, and the failure to apply 1307(c)'s mandatory cure opportunity. These arc not frivolous issues. See In re Smith, 582 B.R. 795, 800 (Bankr. N.D. Ill. 2018) (requiring particularized findings for extended refiling bar); In re Doyle, 209 F.3d 882, 885 (7th Cir. 2000) (Chapter 13 debtors entitled to procedural protections before dismissal).

2 Irreparable Harm. Without a stay, Debtor faces immediate enforcement of a Judgment for Dissolution of Marriage entered February 23, 2026 (Cook County Case No. 2019 D 002943) imposing retroactive child support, maintenance, and property obligations. Simultaneously, multiple creditors will resume collection activities. The one-year refiling bar forecloses any new filing to obtain a breathing spell. These harms are non-compensable on appeal.

3 No Harm to Other Parties. The Chapter 13 Trustee and creditors occupied this position during the entire pendency of the bankruptcy. A temporary stay pending appeal merely maintains the status quo. The Trustee hoids no estate assets to distribute, eliminating any urgency for adverse parties.

4 Public Interest. The public interest is served by ensuring that bankruptcy courts apply mandatory procedural safeguards before dismissing cases and imposing filing bans, and that sanctions are proportionate. The public has a strong interest in the integrity of the bankruptcy process.

5 No Bond Required / Minimal Bond. Debtor is an individual pro se litigant with limited resources. The Court has discretion to waive or minimize any bond requirement where, as here, requiring a substantial bond would effectively deny Debtor's right to appeal.

## RELIEF REQUESTED

WHEREFORE, Debtor Brian Sexton respectfully requests that this Court enter an Order:

a Granting a stay pending appeal of the February 11, 2026 Order of Dismissal;

b Staying enforcement of the one-year refiling bar during the pendency of the appeal;

c Restoring the protections of the automatic stay under 11 u.ś.c. 362 to the extent the stay of the Dismissal Order has that legal effect;

d Waiving or minimizing any bond requirement; and

e Granting such other relief as this Court deems just and proper.

Respectfully submitted

Brian Sexto

2

Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, IL 60610
Phone: (708) 820-8170
Email: bsextoneil@gmail.com
Date: March 5, 2026

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**NORTHERN DISTRICT OF ILLINOIS**<br>**EASTERN DIVISION**<br><br>In re:<br><br><br>  **BRIAN L. SEXTON,**<br><br><br>    Debtor. | Case No. 25-18672<br>Hon. Deborah L. Thorne<br>Chapter 13 |

## ORDER GRANTING DEBTOR'S EMERGENCY MOTION
## FOR STAY PENDING APPEAL

THIS MATTER coming before the Court on Debtor's Emergency Motion for Stay Pending Appeal Pursuant to FRBP 8007(a) ('Motion'); the Court having reviewed the Motion, the accompanying Memorandum of Law, and the Declaration of Brian L. Sexton; [the Court having heard argument of the parties;] and the Court being duly advised in the premises:

THE COURT FINDS AND CONCLUDES THAT:

    A.  Debtor has demonstrated a likelihood of success on the merits of his appeal of the February 11, 2026 Order of Dismissal;

    B.  Debtor will suffer irreparable harm absent a stay, including enforcement of the February 23, 2026 Judgment for Dissolution of Marriage and resumed creditor collection activities;

    C.  No party will suffer substantial harm from the issuance of a stay pending appeal; and

    D.  The public interest favors issuance of a stay.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED;
2. The February 11, 2026 Order of Dismissal is STAYED pending final resolution of Debtor's appeal to the United States District Court for the Northern District of Illinois;
3. The one-year refiling bar imposed by the February 11, 2026 Order of Dismissal is STAYED pending final resolution of the appeal;
4. The automatic stay of 11 U.S.C. § 362 is hereby reinstated and shall remain in effect during the pendency of the appeal;
5. No bond is required [OR: Debtor shall post a bond in the amount of $_____ within ___ days of the entry of this Order];
6. This stay shall dissolve upon the earlier of (a) entry of a final order by the District Court on Debtor's appeal, or (b) further order of this Court.

ENTERED: _____

_____
The Honorable Deborah L. Thorne
United States Bankruptcy Judge
Northern District of Illinois

<table>
<tr>
<td>

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:


**BRIAN L. SEXTON,**


Debtor.

</td>
<td>

Case No. 25-18672
Hon. Deborah L. Thorne
Chapter 13


**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**3/06/2026**

**JEFFREY P. ALLSTEADT, CLERK**

</td>
</tr>
</table>

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S
## EMERGENCY MOTION FOR STAY PENDING APPEAL
## PURSUANT TO FRBP 8007(a)


### INTRODUCTION

Debtor Brian L. Sexton appeals the February 11, 2026 Order of Dismissal ('Dismissal Order') entered by this Court, which (1) dismissed his Chapter 13 bankruptcy case for failure to make plan payments and (2) imposed a one-year nationwide prohibition on refiling under 11 U.S.C. § 109(g)(1). Debtor respectfully submits this Memorandum in support of his motion for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(a).


A stay is warranted because: the appeal raises substantial questions of law going to the core procedural requirements of Chapter 13 practice; Debtor will suffer immediate and irreparable harm from creditor enforcement and the imposition of a multi-year dissolution judgment if no stay issues; no creditor or the Trustee will suffer any incremental harm from a temporary stay; and the public interest strongly favors ensuring that debtors receive the procedural protections to which they are entitled before their cases are dismissed.


### FACTUAL BACKGROUND

On February 11, 2026, this Court entered the Dismissal Order dismissing Case No. 25-18672 for failure to make plan payments. The Dismissal Order also imposed a one-year nationwide refiling bar under 11 U.S.C. § 109(g)(1)—a sanction that extends far beyond the 180-day bar specified in the statute for willful noncompliance.


Debtor's inability to make plan payments arose in substantial part from the extraordinary financial burdens imposed by a multi-year dissolution of marriage proceeding in the Circuit Court of Cook County, Illinois (IRMO Aldasheva v. Sexton, Case No. 2019 D 002943). On February 23, 2026—two weeks after the Dismissal Order was entered—the Cook County court entered a Judgment for Dissolution of Marriage imposing retroactive child support, maintenance, and property division obligations.

On February 25, 2026, Debtor timely filed his Notice of Appeal with this Court, electing to proceed before the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 158(c)(1). This Motion follows.

## LEGAL STANDARD

A court evaluates a motion for stay pending appeal under the traditional four-factor test: (1) whether the moving party has demonstrated a likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury absent a stay; (3) whether a stay will substantially harm other parties; and (4) whether a stay is in the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors are evaluated on a sliding scale—the more likely success on the merits, the less irreparable harm need be shown. *In re Forty-Eight Insulations, Inc.*, 115 B.R. 373 (Bankr. N.D. Ill. 1990).

## ARGUMENT

## I. DEBTOR HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS.

The appeal presents four issues, each of which independently presents a substantial likelihood of success.

### A. The One-Year Refiling Bar Is an Abuse of Discretion.

The most immediately reversible error is the imposition of a one-year nationwide refiling bar under 11 U.S.C. § 109(g)(1). The statute provides that a court *may* bar refiling for 180 days where a debtor "willfully failed" to abide by court orders or appear before the court. 11 U.S.C. § 109(g)(1) (emphasis added). Courts in this district have held that imposition of any extended bar beyond the statutory baseline "requires a more particularized factual finding than a routine dismissal for payment default." *In re Smith*, 582 B.R. 795, 800 (Bankr. N.D. Ill. 2018).

Here, the Dismissal Order imposed a full one-year bar—33% longer than the statutory maximum—applicable in every district in the United States. The record does not reflect particularized findings of willfulness. Debtor's payment defaults arose from the financial burden of years of contested matrimonial litigation, not deliberate noncompliance. A sanction that exceeds the statutory ceiling without proportionate findings is subject to reversal as an abuse of discretion.

### B. The Court Failed to Apply the Mandatory Cure Provisions of 11 U.S.C. § 1307(c).

Section 1307(c) governs involuntary dismissal of Chapter 13 cases and provides that a court may dismiss "after notice and a hearing" for, among other things, failure to make timely plan payments. 11 U.S.C. § 1307(c)(4). The Seventh Circuit has recognized that Chapter 13 debtors

are entitled to meaningful procedural protections before dismissal, including "notice and a hearing" that provide a genuine opportunity to be heard. *In re Doyle*, 209 F.3d 882, 885 (7th Cir. 2000). Further, FRBP 3015(g) affords debtors the right to propose plan modifications as an alternative to dismissal.

If Debtor was not afforded a meaningful opportunity to propose a modified plan, demonstrate good cause, or cure the payment default prior to entry of the Dismissal Order, reversal is warranted. The record on appeal will bear this out.

C.  The Dismissal Without Adequate Hearing Violated Procedural Due Process.

An order dismissing a Chapter 13 case—particularly one imposing a nationwide refiling bar—constitutes a significant deprivation of Debtor's property interests in the bankruptcy process and a meaningful restriction on Debtor's statutory right to relief under the Bankruptcy Code. Due process requires, at minimum, notice and a meaningful opportunity to be heard before such deprivation. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Where the record reflects that Debtor's financial circumstances—specifically the pendency and financial impact of the Cook County dissolution proceeding—were not fully presented or considered, the adequacy of the pre-dismissal process is a meritorious appellate issue.

## II. DEBTOR WILL SUFFER IRREPARABLE HARM ABSENT A STAY.

The irreparable harm prong is easily satisfied here because money alone cannot compensate for the harms Debtor will suffer absent a stay.

First, enforcement of the February 23, 2026 Judgment for Dissolution of Marriage will proceed immediately. That judgment imposes retroactive child support, maintenance, and property division obligations that were entered without adequate valuation of assets and potentially in contravention of any stay that should have been in effect. Wage garnishments, bank levies, and liens may issue against Debtor before the appeal is resolved, leaving him unable to sustain basic living expenses.

Second, the one-year refiling bar itself constitutes irreparable harm. Once this bar runs—or even once a significant portion of the bar period has elapsed during the appeal—Debtor loses critical time during which he might otherwise restructure his finances. The loss of that statutory period cannot be restored even upon a successful appeal.

Third, multiple creditors—including JPMorgan Chase Bank, N.A., Capital One, American Express, and others served with the Notice of Appeal—will immediately resume collection activities, potentially including state court judgments and wage garnishments.

These harms, taken together, represent the kind of non-compensable, cascading financial collapse that a stay pending appeal is designed to prevent. *In re Martelli*, 2014 WL 4412701

(Bankr. N.D. Ill. 2014) (stay pending appeal granted where debtor faced imminent creditor enforcement).

## III. NO PARTY WILL SUFFER SUBSTANTIAL HARM FROM THE STAY.

The balance of harms favors Debtor. The Chapter 13 Trustee, Marilyn O. Marshall, holds no estate assets to distribute—the case was dismissed for payment default, not converted, and no plan payments were distributed to creditors following the default. A temporary stay pending appeal restores precisely the status quo that existed during the pendency of the bankruptcy case. Creditors are in no worse position than they occupied during the case. Any delay in collection is, at most, a postponement of rights they would have had during the bankruptcy in any event.

Courts have consistently held that where creditors' only cognizable "harm" is the delay in collecting a debt, that harm is insufficient to outweigh a debtor's interest in maintaining the status quo pending appeal. *See In re Forty-Eight Insulations*, 115 B.R. at 375.

## IV. THE PUBLIC INTEREST FAVORS A STAY.

The public interest supports the stay for three reasons. First, the public has a strong interest in ensuring that bankruptcy courts comply with mandatory statutory procedures—including the notice and cure provisions of § 1307(c)—before depriving debtors of their rights. Second, the public interest disfavors disproportionate sanctions; the imposition of a one-year nationwide refiling bar without adequate factual findings sends a chilling message to pro se debtors and undermines public confidence in the bankruptcy system. Third, where the debtor's financial difficulties were substantially caused by an intersecting state court domestic relations proceeding, the public has an interest in allowing the federal courts to thoughtfully address the interaction between those proceedings and bankruptcy law.

## V. NO BOND SHOULD BE REQUIRED OR, IN THE ALTERNATIVE, A MINIMAL BOND SHOULD BE SET.

FRBP 8007(c) permits a court to condition a stay on the filing of a bond. However, courts have discretion to waive the bond requirement for individual pro se debtors of limited means where imposing a bond would effectively deny the right to appeal. Requiring a substantial bond here— given Debtor's financial circumstances that led to the dismissal in the first place—would render the appeal illusory. Debtor respectfully requests that no bond be required or, in the alternative, that the Court set a minimal nominal bond consistent with Debtor's circumstances.

## CONCLUSION

For the foregoing reasons, Debtor Brian L. Sexton respectfully requests that this Court grant a stay pending appeal of the February 11, 2026 Order of Dismissal, stay enforcement of the one-

year refiling bar, and restore the protections of the automatic stay under 11 U.S.C. § 362 pending resolution of the appeal.

Respectfully submitted,

_____      _____

Brian L. Sexton
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, IL 60610
Phone: (708) 820-8170
Email: bsextoneil@gmail.com
Date: March _6_, 2026

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

    **BRIAN SEXTON,**

    Debtor.

</td><td>

Case No. 25-18672
Hon. Deborah L. Thorne
Chapter 13

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**3/06/2026**

~~JEFFREY P. ALLSTEADT,~~ CLERK

</td></tr>
</table>

### DECLARATION OF BRIAN SEXTON
### IN SUPPORT OF MOTION FOR STAY PENDING APPEAL
### PURSUANT TO 28 U.S.C. § 1746

I, Brian Sexton, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. **Identity and Status.** I am Brian L. Sexton, the Debtor in the above-captioned bankruptcy case (Case No. 25-18672), appearing pro se. I am a Federal Special Agent Criminal Investigator with the Department of Homeland Security, based in Chicago, Illinois. I submit this Declaration in support of my Emergency Motion for Stay Pending Appeal.

2. **Employment and Income.** I am employed by the Department of Homeland Security as a Federal Special Agent. However, my net take-home income has been substantially reduced by mandatory payroll deductions, court-ordered obligations from the Cook County dissolution proceeding described below, and other financial obligations that accumulated during the period preceding the dismissal of my bankruptcy case.

3. **The Dissolution Proceeding.** Since 2019, I have been a party to a contested dissolution of marriage proceeding in the Circuit Court of Cook County, Illinois, captioned In re Marriage of Aldasheva v. Sexton, Case No. 2019 D 002943. That proceeding has been extraordinarily contentious and financially draining. The dissolution judgment was not entered until February 23, 2026—after this Court's Dismissal Order of February 11, 2026.

4. **Financial Impact of Dissolution Proceeding.** The pendency of the Cook County dissolution case significantly impaired my ability to make consistent Chapter 13 plan payments. Legal expenses, interim support obligations, and the uncertainty over ultimate financial obligations made long-term financial planning extremely difficult. These were not ordinary circumstances that would characterize a deliberate or willful refusal to comply with this Court's orders.

5. **The Dismissal Order and Refiling Bar.** On February 11, 2026, this Court entered an Order of Dismissal dismissing my Chapter 13 case for failure to make plan payments and imposing a one-year nationwide refiling bar under 11 U.S.C. § 109(g)(1). I was not afforded a meaningful opportunity to present evidence of my financial circumstances, to propose a modified plan, or to demonstrate good cause for any payment default prior to entry of the Dismissal Order.

1

6. **The Dissolution Judgment.** On February 23, 2026, the Cook County court entered a Judgment for Dissolution of Marriage. That judgment imposes retroactive child support, maintenance obligations, and property division requirements. Without a stay, my former spouse and her counsel may immediately commence enforcement proceedings, including wage garnishment, bank levies, and/or liens on any property I hold, based on these obligations.

7. **Immediate Creditor Threats.** Multiple creditors hold claims against me that were stayed during the pendency of the bankruptcy case. Without a stay pending appeal, these creditors—including JPMorgan Chase Bank, N.A., Capital One, American Express, and others—may immediately resume collection activities, file state court complaints, obtain judgments, and pursue wage garnishment or other collection remedies.

8. **Harm from Refiling Bar.** The one-year nationwide refiling bar means that, absent a stay, I have no recourse to seek federal bankruptcy protection even if my circumstances worsen significantly during the pendency of the appeal. If my wages are garnished by multiple creditors and my former spouse simultaneously, I will be unable to meet basic living expenses and may be unable to maintain my employment.

9. **No Adequate Remedy at Law.** The harms I face are not fully compensable by money damages on a successful appeal. The loss of time under the one-year bar, the cascading financial consequences of simultaneous enforcement actions, and damage to my career from potential wage garnishment and collection proceedings cannot be fully reversed or compensated after the fact.

10. **Financial Inability to Post Bond.** I do not have the financial resources to post a substantial bond. My finances are significantly strained by the dissolution judgment obligations, the bankruptcy itself, and the outstanding claims of multiple creditors. Requiring a substantial bond would effectively deny my right to appellate review.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of March, 2026, at Chicago, Illinois.

Brian Sexton
Debtor, Pro Se

Brian Sexton
Debtor, Pro Se
540 N. Dearborn St. #10023
Chicago, IL 60610
Phone: (708) 820-8170

2

Email: bsextoneil@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| JUDGE | Nancy A. Peterman | **Case No.** | 25 B 18672 |
|---|---|---|---|
| **DATE** | March 10, 2026 | **Adversary No.** | |
| **CASE TITLE** | In re Brian L. Sexton | | |
| **TITLE OF ORDER** | Order Denying Debtor's Emergency Motion for Stay Pending Appeal [Docket No. 127] | | |

**DOCKET ENTRY TEXT**

Debtor Brian Sexton's emergency motion for stay pending appeal is denied.

**STATEMENT**

This matter comes before the court on the emergency motion of debtor Brian Sexton ("Sexton") for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(a) and the related memorandum of law in support. Docket. Nos. 127 and 128.[1]  A hearing was held on the emergency motion on March 10, 2026 at which Sexton, counsel for the Chapter 13 trustee and counsel for Jamila Aldasheva ("Aldasheva") appeared.  Counsel for the Chapter 13 trustee and Aldasheva opposed the emergency motion for the reasons set forth on the record.

Having reviewed the emergency motion and the related memorandum of law in support, having considered the arguments made by Sexton and other parties in interest during the March 10, 2026 hearing, and having considered the record by taking judicial notice of the docket in this case and in Sexton's prior bankruptcy cases, the court denies the emergency motion for the reasons set forth herein.  *See* Fed. R. Evid. 201; *Levine v. Egidi*, No. 93 C 188, 1993 WL 69146 at *2 (N.D. Ill. March 8, 1993) (authorizing a bankruptcy court to take judicial notice of its own docket) (citing *In re Fin. Partners*, 116 B.R. 629, 635 (Bankr. N.D. Ill. 1989)).

I.      Jurisdiction

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue is proper under 28 U.S.C. § 1409(a).

II.      Background

In the last three years, Sexton filed four bankruptcy cases.  In each of these cases, Sexton has represented himself and not retained counsel.  He filed his first bankruptcy case on January 25, 2023, Case No. 23-bk-00974, in the United States Bankruptcy Court for the Northern District

---

[1]      Any docket references without a case number are referring to the case docket for this case, Case No. 25-bk-18672.

1

of Illinois, Eastern Division, before the Honorable Jacqueline Cox. This bankruptcy case was filed after a series of rulings in favor of Aldasheva, as part of her petition for divorce from Sexton, which petition for divorce was filed in April 2019, Case No. 19-D-2943, in the Circuit Court of Cook County. Docket No. 84 at 5 and 6. Within two days of the commencement of Sexton's first bankruptcy case, Aldasheva filed a motion for stay relief so that she could take steps to enforce the divorce court's orders regarding property. *See* Case No. 23-bk-00974, Docket No. 10. That motion was granted. *See* Case No. 23-bk-00974, Docket No. 20. On April 10, 2023, Sexton's first bankruptcy case was dismissed on the grounds that Sexton exceeded the debt limit under 11 U.S.C. § 109(e) and was not eligible for relief under chapter 13 of the Bankruptcy Code. *See* Case No. 23-bk-00974, Docket No. 61.

Sexton filed his second bankruptcy case on October 7, 2024, Case No. 24-bk-14852, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, before the Honorable David D. Cleary. This second bankruptcy case was filed just before the final day of evidence in the divorce case. Docket No. 84 at 6. Again, Aldasheva filed a motion for relief from the automatic stay and again the motion was granted. *See* Case No. 24-bk-14852, Docket Nos. 14 and 20. In November 2024, the chapter 13 trustee filed a motion to dismiss the bankruptcy case because Sexton failed to file the required schedules and chapter 13 plan. Sexton filed some of the documents but not all. On January 14, 2025, the court granted the chapter 13 trustee's motion to dismiss. *See In re Sexton*, 2025 WL 243176 (Bankr. N.D. Ill. Jan. 14, 2025).

Sexton filed his third bankruptcy case approximately six months later on June 26, 2025, Case No. 25-bk-09774, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, before the Honorable Donald R. Cassling. This third bankruptcy case was filed after the court in the divorce case had closed all proofs in the divorce trial and likely was about to issue the Judgment for Dissolution of Marriage. Docket No. 84 at 7. Again, Sexton failed to file the required schedules and chapter 13 plan. The trustee filed a motion to dismiss and the court granted that motion on July 10, 2025. Case No. 25-bk-09774, Docket No. 20.

A month later, on August 8, 2025, Sexton filed his fourth bankruptcy petition, which is this case, Case No.25-bk-18672. However, this case did not begin in the Northern District of Illinois. Instead, Sexton initially filed this case in the Western District of Missouri. The chapter 13 trustee there moved to transfer the case to the Northern District of Illinois on the grounds that Sexton's domicile, residence, principal place of business or principal assets are not in Missouri but here in Illinois. On November 25, 2025, the motion was granted, and the case was transferred here and assigned to the Honorable Deborah L. Thorne. Docket No 67. On January 20, 2026, Aldasheva filed a motion under 11 U.S.C. §1307(c) to dismiss the case on the grounds that: (1) Sexton does not have regular income, as required in chapter 13 cases by 11 U.S.C. §109(e); (2) Sexton is over the debt limit for chapter 13 debtors provided by the same section; and (3) Sexton filed this case in bad faith. Docket No. 84. As part of the motion to dismiss, she also requested a one-year bar to filing a new bankruptcy case because Sexton's bankruptcy cases were filed for no purpose other than to delay the divorce proceedings. Despite having three weeks between the filing of the motion and the hearing date, Sexton filed a barebones Notice of Objection to the motion, but no substantive response. Docket No. 105.

2

On February 11, 2026, Judge Thorne held a hearing at which Sexton, counsel to the Chapter 13 trustee and counsel to Aldasheva appeared.[2] She gave Sexton the opportunity to be heard. He did not rebut any of the allegations in Aldasheva's motion. His primary argument was that he was in the process of retaining counsel, six months after he filed this last case. He also alleged that certain claims filed by Aldasheva were fraudulent causing him to exceed the debt limits to be eligible for Chapter 13 relief. Sexton, however, had failed to object to any of these claims after being in bankruptcy for six months. For the reasons set forth on the record, Judge Thorne granted Aldasheva's motion to dismiss the case and imposed a one-year bar to prevent the filing of any additional bankruptcy cases by Sexton. Given that Mr. Sexton was a frequent filer, failed to make payments to the Chapter 13 trustee, and was having the same disputes in each of his cases, Judge Thorne explained that the bar was necessary to allow the divorce proceedings to move forward in divorce court. Judge Thorne referenced the following facts to support her ruling:

- the prior bankruptcy cases that were filed by Sexton and dismissed;
- the lack of income to support the case;
- Sexton's failure to make payments to the Chapter 13 trustee. Sexton had made only one payment to the Chapter 13 trustee in the Missouri case and no payments to the Chapter 13 trustee since the case was transferred to Illinois; and
- the lack of an automatic stay in the cases. Given that Sexton was a repeat filer and had two prior cases dismissed, he was not entitled to the protections of the automatic stay and had failed to seek a court order to impose the automatic stay within 30 days of commencement of his most recent bankruptcy case. See 11 U.S.C. § 362(c)(4).

On February 23, 2026, after dismissal of Sexton's fourth bankruptcy case, a judgment for dissolution of marriage was entered in the divorce case. Docket No. 128 at 3. The judgment imposes retroactive child support, maintenance and property division obligations on Sexton. *Id.*

On February 25, 2026, Sexton filed a Notice of Appeal from Judge Thorne's order dismissing his case and imposing the bar.[3] In it, he asserts that there are four issues on appeal: (1) whether he received an adequate hearing before dismissal; (2) whether the one-year refiling bar is an abuse of discretion; (3) whether the January 28, 2026 no-stay order was properly analyzed; and (4) whether the court failed to apply the cure provisions of 11 U.S.C. §1307(c). On March 5, 2026, he filed this emergency motion for a stay pending appeal.

---

[2] In addition to addressing Aldasheva's motion, Judge Thorne also heard Sexton's motion to reconsider a non-discretionary order she entered on January 28, 2026. Docket No. 106. Under 11 U.S.C. §362(c)(4), if a debtor had two or more bankruptcy cases pending within the year prior to his current case and those cases were dismissed, the debtor is not entitled to the benefits of the automatic stay. A debtor may file a motion requesting imposition of the stay, but that motion must be filed within 30 days of filing the case. Sexton did not file a motion requesting imposition of the stay. Aldasheva filed a motion under §362(c)(4)(A)(ii), requesting an order confirming that the stay was not in effect. That order was entered on January 28, 2026. Docket No. 92. Sexton then filed a motion to reconsider. Docket No. 106. Judge Thorne denied that motion as moot when she dismissed the case. Docket No. 110. Finally, Judge Thorne also denied as moot Sexton's own motion to dismiss his Chapter 13 case. Docket Nos. 98 and 108.

[3] Subsequent to the entry of the February 11, 2026 orders by Judge Thorne, Sexton's case was transferred to this bankruptcy judge.

III.     Emergency Motion for Stay Pending Appeal

Federal Rule of Bankruptcy Procedure 8007 governs the procedure for stays pending appeal. A motion for a stay pending appeal is an exceptional form of relief and requires a considerable showing from the movant.   *In re Beswick,* 98 B.R. 904, 907 (N.D. Ill. 1989).  A court reviews four factors in determining whether to grant a motion for a stay pending appeal:

   (1)  whether the appellant is likely to succeed on the merits of the appeal;

   (2)  whether the appellant will suffer irreparable injury absent a stay;

   (3)  whether a stay would substantially harm other parties in the litigation; and

   (4)  whether a stay is in the public interest.

*Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997); *In re Quade*, 496 B.R. 520, 526 (Bankr. N.D. Ill. 2013).

The first two factors are the most critical, and the burden is on the movant to satisfy them. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "If the movant can make these threshold showings, the court then moves on to balance the relative harms considering all four factors using a "sliding scale" approach. However, *if the movant does not make the requisite showings on either of these two factors*, the court's inquiry into the balance of harms is unnecessary, and the stay should be denied without further analysis." *Forty-Eight Insulations*, 115 F.3d at 1300-01 (citation omitted) (emphasis added).

A.  Likelihood of Succeeding on The Merits

Sexton is not likely to succeed on the merits of his appeal.  Under 11 U.S.C. § 1307(c), the court may, on request of a party in interest and after notice and a hearing, dismiss a chapter 13 case "for cause" and preclude the debtor from further filings. *In re Bell*, 125 F. App'x 54, 57 (7th Cir. 2005); *In re Hall,* 304 F.3d 743, 746 (7th Cir.2002).  "Cause" includes, but is not limited to, a debtor's unreasonable delay and failure to make plan payments.

Dismissals with a bar under 11 U.S.C. § 349 are reserved for situations where a debtor has acted in bad faith.  *See In re Hall*, 304 F.3d at 746.  Although serial filings are not bad faith per se, "a debtor's history of filings and dismissals may be evidence of bad faith." *In re Rios*, No. 13 B 11076, 2016 WL 8461532, at *3 (Bankr. D. Kan. Dec. 9, 2016). For example, filing a chapter 13 bankruptcy case without any ability or intent to reorganize is an abuse of the bankruptcy process. *In re Fumbanks*, 667 B.R. 20, 26 (Bankr. N.D. Ill. 2025); *In re King*, 126 B.R. 777, 781 (Bankr. N.D. Ill. 1991).

Recently, in *Fumbanks*, the court ordered a two-year bar based on the debtor's "serial bankruptcy filings, without any showing that he intends to go forward with a plan of reorganization," because there was evidence of bad faith.  *Fumbanks*, 667 B.R. 20, 26 (Bankr. N.D. Ill. 2025). In *In re Nixon*, No. 05-12169, 2005 WL 4041163 (Bankr. S.D. Ohio May 18, 2005), the court imposed a three-year bar, finding that the debtor's five bankruptcy cases within three years were prejudicial to her creditors and a waste of judicial resources.  In *In re McCoy*, 237 B.R. 419, 423 (Bankr. S.D. Ohio 1999), the court imposed a permanent bar to refiling on a debtor who filed eight bankruptcy cases in eight years and successfully completed only one case. The court found that the debtor's behavior "appears to be motivated by a desire to delay foreclosure and other collection efforts of his creditors."

4

Here, Sexton filed four bankruptcy cases in three years in an effort to thwart the divorce proceedings with Aldasheva. None of these cases was successfully completed – Sexton was either found ineligible for Chapter 13 or failed to complete the necessary documentation to allow his cases to proceed. In support of dismissal of this case, Judge Thorne found that Sexton did not have the income necessary to support a chapter 13 plan of reorganization and that he had made only one payment to the Chapter 13 trustee during the six months this case has been pending with no payments since the case was transferred to this court. During the prior bankruptcy cases, no payments were made to the Chapter 13 trustee. In each of his prior cases, he failed to file required documents and make required payments. He has not acted in a way that shows an intent to reorganize his debt. This is not a legitimate use of the bankruptcy process, demonstrates bad faith, and is grounds to both dismiss the bankruptcy case and put a bar in place. Judge Thorne's one-year bar was within her discretion under the circumstances of Sexton's behavior over the last three years.

Sexton's likelihood of success argument is that he did not receive due process, that the one-year refiling bar is not proportional[4] and that the court failed to apply a mandatory cure opportunity that he says is in 11 U.S.C. § 1307. Sexton received ample due process and failed to take advantage of it. He could have filed a substantive response to Aldasheva's motion in the three weeks between its filing and the hearing date, but did not. Arguments not raised are waived. *Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, 600 (7th Cir. 2014). During the March 10 hearing on this emergency motion, Sexton primarily argued that Aldasheva and her counsel filed fraudulent claims causing his case to be dismissed. Sexton, however, confirmed that he had not filed any objections to those claims during the six months his case was pending and provided no details as to why those claims were allegedly fraudulent. The one-year bar is proportional to the three years Sexton has been abusing the bankruptcy system by filing cases to obtain the benefits of the automatic stay and then not complying with his duties as a debtor to file the required documentation, file objections to claims if disputed or make payments to the chapter 13 trustee.

Further, Sexton's reference to the court's failure to apply the cure provisions of § 1307(c) is irrelevant because there are no such cure provisions in that section of the Bankruptcy Code. Moreover, Sexton had three prior cases and over six months in this case to propose plan modifications, cure payment defaults and complete the necessary filings for a proper Chapter 13 case. He was afforded a meaningful opportunity to cure.

Finally, Sexton requests that the court "reinstate" his dismissed case and the automatic stay. As noted in Judge Thorne's ruling on February 11, 2026, there is no automatic stay in this case. Sexton had thirty days from the commencement of this case to request that the court impose the automatic stay and failed to do so. There is nothing that this court can do to "reinstate" the automatic stay based on the plain language of Section 11 U.S.C. under § 362(c)(4). Further, the order entered on January 28, 2026 was a non-discretionary order for Aldasheva under §

---

[4] Sexton cites *In re Smith*, 582 B.R. 795 (Bankr. N.D. Ill. 2018) for the proposition that "courts in this jurisdiction have held that imposition of any extended bar … requires a more particularized factual finding than a routine dismissal for payment default." That may be true, but (1) this was not a routine dismissal for payment default; and (2) this citation does not exist.

362(c)(4)(A)(ii), confirming that the automatic stay had never been imposed in Sexton's fourth bankruptcy case based upon the plain language of 11 U.S.C. § 362(c)(4). Contrary to Sexton's assertions at the hearing on March 10, 2026, there is no order entered on the docket in this case that imposes the automatic stay.

For all of these reasons, Sexton has not met his burden to show likelihood of success on the merits.

### B. Irreparable Injury

Sexton has also failed to demonstrate that he will be irreparably harmed if he does not receive a stay pending appeal. He states that without a stay, he faces immediate enforcement of a Judgment for Dissolution of Marriage imposing child support, maintenance and property obligations. Other creditors will resume collection activities. A stay pending appeal will not change any of these circumstances.

If the dismissal of his recent case is stayed and the case reinstated, he will be in a case with no automatic stay and no way to get one. Because Sexton had two prior cases within a year of this last case, he does not receive the benefits of the automatic stay. 11 U.S.C. § 362(c)(4). He could have filed a motion to impose the automatic stay, but that had to be filed within 30 days of filing the case. *Id*. He did not do that. If there is a stay of the bar, he could file another case, but he would be in the same position of having to file a motion to get the automatic stay imposed. Getting it imposed would be a high standard for him to meet because of his history of repeat filings, his eligibility issues, and the fact that his financial situation is unlikely to have changed. *See* 11 U.S.C. § 362(c)(4)(D). Therefore, the harm that will come to Sexton if this emergency motion is denied is no different from the harm that he will suffer if it is granted. A stay pending appeal will not save him from his financial woes.

### IV. Conclusion

Sexton has not met his burden that he is likely to succeed on the merits of the appeal or that he will be irreparably harmed without a stay. Without meeting the preliminary threshold of the first two factors for a stay pending appeal, the court need not consider the last two factors. Given that Sexton has not met his burden for a stay pending appeal, the court need not address his request for waiver of any bond. For the reasons set forth herein, the emergency motion is denied in its entirety.

**DATED**: March 10, 2026                **ENTERED**:

_____
Nancy A. Peterman
United States Bankruptcy Judge

6