



FILED
4/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Case No. 1:26-cv-02169**

**IN RE: BRIAN L. SEXTON,**
Debtor.

**BRIAN L. SEXTON,**
Debtor-Appellant,

v.

**MARILYN O. MARSHALL,**
Chapter 13 Trustee-Appellee.

Appeal from the United States Bankruptcy Court
for the Northern District of Illinois
Case No. 25-18672 (Hon. Deborah L. Thorne)

# APPELLANT'S OPENING BRIEF

Brian L. Sexton
Pro Se Debtor-Appellant
540 N. Dearborn St., #10023
Chicago, Illinois 60610
(708) 820-8170

**DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 8012, the Debtor-Appellant, Brian L. Sexton, states that he is an individual proceeding pro se. No corporate disclosures are required.

**TABLE OF CONTENTS**

Table of Authorities........................................................................................................iii

Jurisdictional Statement....................................................................................................1

Statement of Issues and Standards of Review..................................................................1

Statement of the Case.......................................................................................................2

Summary of the Argument................................................................................................3

Argument...........................................................................................................................4

    I. The Bankruptcy Court Failed to Comply with § 1307(c).........................................4

    II. The Bankruptcy Court Denied Due Process............................................................5

    III. The Refiling Bar Was an Abuse of Discretion.......................................................6

    IV. The No-Stay Ruling Was Erroneous......................................................................9

    V. Cascading Vacatur.................................................................................................13

Conclusion......................................................................................................................13

Certificate of Compliance...................................................................................................

Certificate of Service..........................................................................................................

## TABLE OF AUTHORITIES

**Cases**

*Browder v. Director, Dep't of Corrections*, 434 U.S. 257 (1978)..................................................11

*Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015)..........................................................................1

*In re Duran*, 630 B.R. 797 (B.A.P. 9th Cir. 2021)......................................................................6, 7

*In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294 (7th Cir. 1997)...............................................1

*In re Frieouf*, 938 F.2d 1099 (10th Cir. 1991)..............................................................................9

*In re Gledhill*, 76 F.3d 1070 (10th Cir. 1996)...............................................................................11

*In re Hall*, 304 F.3d 743 (7th Cir. 2002)..............................................................................2, 5, 6, 7

*In re Holcomb*, 380 B.R. 813 (B.A.P. 10th Cir. 2008)..................................................................10

*In re Love*, 957 F.2d 1350 (7th Cir. 1992)...........................................................................2, 5, 7, 12

*In re Van Damme*, Nos. 25-1039 & 25-1052 (B.A.P. 9th Cir. 2025).........................................6, 7

*Johnson v. Mississippi*, 486 U.S. 578 (1988).................................................................................10

*Keller v. United States*, 58 F.3d 1194 (7th Cir. 1995).............................................................11, 12

*Mathews v. Eldridge*, 424 U.S. 319 (1976)...............................................................................2, 5, 6

*Mitchell v. Joseph*, 117 F.2d 253 (7th Cir. 1941).........................................................................10

*MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288 (2023).............................14

*New Hampshire v. Maine*, 532 U.S. 742 (2001)...........................................................................12

*Pepper v. United States*, 562 U.S. 476 (2011)..............................................................................10

*Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020)..............................................1

*United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020) (en banc)...............................................10

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)...............................................11

*Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305 (2025)................................................11

**Statutes and Rules**

U.S. Const. amend. V.......................................................................................................................7

11 U.S.C. § 102(1)....................................................................................................................2, 6, 7

11 U.S.C. § 109(g)(1)......................................................................................................................8

11 U.S.C. § 349(a)...........................................................................................................................8

11 U.S.C. § 362(c)(4)...............................................................................................................passim

11 U.S.C. § 1307(b)......................................................................................................................4, 6

11 U.S.C. § 1307(c)..................................................................................................................passim

28 U.S.C. §§ 157(a), 158(a)(1), 1334(a).......................................................................................1

28 U.S.C. § 2106............................................................................................................................12

Fed. R. Bankr. P. 8002(a)(1), 8012, 8015, 9024...................................................................1, i, 14

Fed. R. Civ. P. 60(b)(5)..................................................................................................................12

## JURISDICTIONAL STATEMENT

The Bankruptcy Court had jurisdiction under 28 U.S.C. § 1334(a) and § 157(a). This Court has appellate jurisdiction under 28 U.S.C. § 158(a)(1). The Order of Dismissal (Doc. 111) is a final order. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 40 (2020); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502 (2015); *In re Forty-Eight Insulations, Inc.,* 115 F.3d 1294, 1299 (7th Cir. 1997). The Notice of Appeal was timely filed within the 14-day period of Fed. R. Bankr. P. 8002(a)(1).

## STATEMENT OF ISSUES AND STANDARDS OF REVIEW

**Issue 1:** Whether the Bankruptcy Court committed reversible error by failing to comply with the procedural requirements of 11 U.S.C. § 1307(c) before involuntary dismissal. **Standard:** De novo for statutory interpretation; the notice-and-hearing requirement of § 1307(c), as defined by § 102(1), is mandatory.

**Issue 2:** Whether the Bankruptcy Court denied due process by dismissing the case without affording the Debtor a meaningful opportunity to present evidence. **Standard:** Abuse of discretion. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

**Issue 3:** Whether the one-year nationwide refiling bar was an abuse of discretion where no finding of bad faith or serial abuse was made and the bar was imposed for the stated purpose of advancing a single creditor's state court interests. **Standard:** De novo for authority; abuse of discretion for exercise. *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002).

**Issue 4:** Whether the Bankruptcy Court erred in ruling that no automatic stay was in effect under § 362(c)(4), where two prior dismissals within the same case had been vacated and

the court failed to consider § 362(c)(4)(B). **Standard:** De novo for statutory interpretation; clear error for factual findings.

**Issue 5:** Whether the Order of Dismissal must be vacated as a downstream consequence of the erroneous no-stay ruling. **Standard:** De novo.

## STATEMENT OF THE CASE

The Debtor filed a Chapter 13 petition in the Western District of Missouri on August 22, 2025 (Case No. 25-20382). The Western District administered the case for three months, issuing notices representing the automatic stay was in effect.

During that period, the case was dismissed twice for technical credit counseling deficiencies under § 109(h)—not for bad faith. Both dismissals were vacated: Doc. 26 (September 16, 2025) was vacated by Doc. 36 (October 6, 2025); Doc. 52 (October 23, 2025) was vacated the same day by Doc. 53. Judge Norton found the Debtor had "substantially complied with the counseling requirements of 11 U.S.C. Section 109(h)(1)." The docket reflects: "VACATED on 10/6/2025."

On November 20, 2025, the case was transferred to the Northern District of Illinois and assigned as Case No. 25-18672 before Judge Thorne.

**The No-Stay Ruling (Doc. 92).** On January 28, 2026, the court ruled that no automatic stay was in effect under § 362(c)(4). The court acknowledged it had not read the Debtor's filings: "I have not read it." (Tr. Jan. 28, 2026 at 2:18–19 (Doc. 138).) The court treated the question as "like a black-and-white yes-and-no, either there's a stay or there's not a stay" (*id.* at 6:21–23), without analyzing whether vacated dismissals count under § 362(c)(4)(A)(i) or considering the § 362(c)(4)(B) good-faith safety valve.

**The Dismissal (Doc. 111).** On February 11, 2026, the court granted creditor Aldasheva's motion to dismiss with a one-year nationwide refiling bar. The court's sole finding was that "the Debtor has repeatedly filed cases and failed to make payments on a regular basis." The court mooted all of the Debtor's pending motions (Docs. 108–110), including his own voluntary dismissal motion under § 1307(b).

The hearing transcript is dispositive. When the Debtor attempted to explain why his prior cases were dismissed, the court stated: "Whether—what the reason is for the cases being dismissed isn't really relevant. You have filed a number of cases." (Tr. Feb. 11, 2026 at 6:22–24 (Doc. 139).) The court then imposed the refiling bar "to prohibit further filings so that the divorce proceedings can go forward." (*Id.* at 8:1–4.)

The Debtor's prior filing history consists of four cases over three years, each dismissed for technical or administrative reasons—not bad faith: Case No. 23-00974 (dismissed for exceeding the § 109(e) debt limit); Case No. 24-14852 (dismissed for failure to file schedules); Case No. 25-09774 (dismissed for failure to file documents); and the present case. The Debtor's financial difficulties arose from a protracted dissolution of marriage proceeding in Cook County (Case No. 2019 D 002943), which culminated in a Dissolution Judgment on February 23, 2026 —twelve days after the dismissal.

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court committed cascading errors that deprived the Debtor of fundamental procedural protections. The errors began with the January 28 no-stay ruling (Doc. 92), continued through the failure to comply with § 1307(c), and culminated in a dismissal with a disproportionate one-year refiling bar imposed for an improper purpose.

The no-stay ruling was erroneous because the court failed to account for two vacated dismissals within the same case, which reduced qualifying prior dismissals below the § 362(c)(4) threshold. The court also failed to consider the § 362(c)(4)(B) good-faith safety valve.

The dismissal violated § 1307(c)'s mandatory notice-and-hearing requirement. The court categorically refused to consider the Debtor's evidence, stating that the reasons for prior dismissals were "not really relevant." The one-year bar was imposed without any finding of bad faith, and the court's own statement reveals it was imposed to advance a single creditor's state court interests—an improper purpose. *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002), reserves such bars for "extreme situations" involving concealment, injunction violations, or bad faith. None are present here.

## ARGUMENT

### I.      THE BANKRUPTCY COURT FAILED TO COMPLY WITH § 1307(c)

Section 1307(c) permits involuntary dismissal only "on request of a party in interest or the United States trustee and after notice and a hearing." The phrase "after notice and a hearing" triggers § 102(1): "notice as is appropriate in the particular circumstances" and "such opportunity for a hearing as is appropriate in the particular circumstances." The Seventh Circuit has confirmed that § 1307(c) requires a motion, notice, and an evidentiary hearing at which the court carefully weighs the evidence. *In re Love*, 957 F.2d 1350, 1354–56 (7th Cir. 1992) ("dismissal is harsh; the bankruptcy court should be more reluctant to dismiss a petition under Section 1307(c) for lack of good faith"). The moving party bears the burden of establishing cause. *Id.* at 1355.

The required procedures were not followed. The Debtor filed a 39-page objection (Doc. 105) and a Renewed Emergency Motion (Doc. 106), yet the court's dismissal order contains no analysis of the Debtor's arguments. The court mooted the Debtor's voluntary dismissal motion

under § 1307(b) (Doc. 108) and his emergency motions (Docs. 109–110), then granted Aldasheva's motion with a one-year bar. The dismissal order's sole finding—"repeatedly filed cases and failed to make payments"—reflects no consideration of the Debtor's evidence or circumstances.

While § 1307(c) does not use the word "cure," the notice-and-hearing requirement necessarily encompasses the opportunity to propose plan modifications or demonstrate good cause. A hearing at which the court announces that the debtor's evidence is irrelevant is not a meaningful hearing. The court's statement that "[w]hether—what the reason is for the cases being dismissed isn't really relevant" (Tr. Feb. 11, 2026 at 6:22–24) demonstrates a categorical refusal to consider the Debtor's evidence—irreconcilable with § 1307(c) and § 102(1).

## II.     THE BANKRUPTCY COURT DENIED DUE PROCESS

The right to be heard before adverse government action is a fundamental due process requirement. U.S. Const. amend. V; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The Debtor filed over 200 pages of briefing and exhibits detailing the impact of the Cook County dissolution proceeding on his financial circumstances. The court's dismissal order contains no discussion of this evidence.

The February 11 hearing transcript confirms the denial of meaningful process. The court stated at the outset that it did not "see any income to even support a case" (Tr. Feb. 11, 2026 at 2:22–23), signaling a predetermined conclusion. When the Debtor requested counsel—naming three attorneys—the court responded: "At this point, to be looking for counsel is a bit problematic." (*Id.* at 5:4–7.) When the Debtor attempted to explain the reasons for prior dismissals, the court stated they were "not really relevant." (*Id.* at 6:22–24.) A hearing at which

the court announces in advance that the debtor's evidence is irrelevant is not a "meaningful opportunity to present evidence" under *Mathews*.

The error was prejudicial. Had the Debtor been afforded a full hearing, he could have demonstrated the extraordinary nature of his financial circumstances and the causal connection between the dissolution proceeding and his inability to make plan payments.

## III. THE ONE-YEAR NATIONWIDE REFILING BAR WAS AN ABUSE OF DISCRETION

### A. The Bar Requires Cause and Proportionality

Section 109(g)(1) provides a 180-day refiling bar as the statutory default. Section 349(a) authorizes dismissal "with prejudice" for cause. *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002), recognizes authority to impose enhanced bars but holds they are "generally reserved for extreme situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith." *In re Van Damme*, Nos. 25-1039 & 25-1052 (B.A.P. 9th Cir. 2025), holds that imposing a refiling bar under § 349(a) requires a heightened showing of "egregious" conduct beyond mere cause for dismissal, citing *In re Duran*, 630 B.R. 797, 809 (B.A.P. 9th Cir. 2021).

### B. No Finding of Bad Faith or Egregiousness Was Made

The Bankruptcy Court made no finding of bad faith, serial abuse, or manipulation. The Debtor's four filings over three years were each dismissed for technical or administrative reasons. None involved concealment, fraud, or strategic manipulation. The Debtor's financial difficulties arose from a multi-year dissolution proceeding—not from serial abuse of the bankruptcy process. The court's sole finding—"repeatedly filed cases and failed to make payments"—amounts to no

more than cause for dismissal. Under the *Duran*/*Van Damme* framework, that is insufficient to support a refiling bar.

### C. The Bar Was Imposed for an Improper Purpose

The court's own statement reveals the bar's purpose: "to prohibit further filings so that the divorce proceedings can go forward." (Tr. Feb. 11, 2026 at 8:1–4.) Refiling bars serve the bankruptcy system's interest in preventing serial abuse—they are not tools for one litigant to gain leverage in unrelated proceedings. A bar imposed to benefit one party in state court litigation is an abuse of discretion. *See In re Hall*, 304 F.3d at 746; *In re Love*, 957 F.2d at 1355 (good-faith inquiry asks whether a party "seeks to obtain a tactical advantage").

The improper purpose is further confirmed by Aldasheva's status in this case. Despite filing the Motion to Dismiss and Bar Debtor from Refiling (Doc. 84), Aldasheva never filed a proof of claim in either the Western District of Missouri or the Northern District of Illinois bankruptcy case. The claims registers for both cases show only five institutional creditor claims (LVNV Funding, Capital One, and American Express)—totaling $72,243.60—none filed by Aldasheva. The claims deadline expired on October 31, 2025; the government deadline expired on February 18, 2026. Aldasheva filed no claim in either window. She had no financial stake in the bankruptcy estate as a creditor. Her sole interest was advancing her position in the pending dissolution of marriage proceeding. A party who seeks dismissal with a refiling bar—not to protect the estate or creditors, but solely to gain tactical advantage in collateral state court litigation—acts for an improper purpose that the Bankruptcy Court should not have sanctioned.

The financial record further exposes the improper purpose. JPMorgan Chase Bank, N.A. filed Proof of Claim 7-1 in Case No. 24-14852 on December 16, 2024, establishing a total secured claim of $1,868,344.56 on the Debtor's principal residence, with a cure amount of

$707,274.13 necessary to bring the mortgage current. The Debtor's Chapter 13 filing served the quintessential reorganization purpose: curing a mortgage default to save the family home. Meanwhile, the Final Dissolution Judgment entered February 23, 2026 establishes that Aldasheva earns $1,200,000 per year. She possesses the financial capacity to pay the entire outstanding mortgage default in approximately seven months of income—yet she chose to seek a refiling bar rather than cure the arrearage or file her own claim. This confirms that Aldasheva's objective was never to protect the estate or its creditors; it was to prevent the Debtor from reorganizing so that the marital residence would proceed to foreclosure, advancing her position in the dissolution.

**D. The Bar Is Disproportionate**

A one-year nationwide bar prevents the Debtor from seeking bankruptcy relief in any district. The Dissolution Judgment (February 23, 2026) post-dates the dismissal by twelve days; the bar prevents the Debtor from addressing new obligations through bankruptcy. The Debtor needs bankruptcy not to discharge domestic support obligations (which are nondischargeable under § 523(a)(5) and (15)) but to reorganize other debts alongside them.

The disproportionality of the refiling bar is further demonstrated by three factors unique to this case. First, the dissolution judgment post-dates the dismissal by only twelve days; a one-year bar prevents the Debtor from addressing the new obligations created by that judgment through bankruptcy. Second, the Debtor's financial distress stems in significant part from domestic relations obligations that are nondischargeable under 11 U.S.C. § 523(a)(5) and (15); the Debtor needs bankruptcy not to discharge these obligations but to reorganize other debts and make them manageable alongside domestic support obligations. Third, a nationwide bar is

particularly punitive when the debtor's circumstances have materially changed since the filing that resulted in dismissal.

**E. Domestic Proceedings Distinguish This Case From Serial-Filer Abuse**

The Debtor's bankruptcy filing was driven by a protracted dissolution of marriage proceeding—not by strategic timing to thwart creditor enforcement actions. Financial difficulties are commonplace in divorce, and the financial stresses of dissolution often lead to bankruptcy. A debtor driven to bankruptcy by domestic proceedings is distinguishable from the serial filer strategically timing petitions to thwart foreclosure—the type of abuse Congress targeted with BAPCPA's serial-filer provisions.

**F. Constitutional Concerns Support Reversal**

The Tenth Circuit's analysis in *In re Frieouf*, 938 F.2d 1099, 1103 (10th Cir. 1991), identified Fifth Amendment due process concerns with extended refiling bars. The court noted that even the statutory 180-day period represents "an extraordinary statutory remedy for perceived abuses" and that extending this beyond statutory limits raises serious constitutional questions. While *Frieouf*'s narrow construction of § 349(a) has not been widely adopted, its constitutional reasoning remains persuasive authority. At minimum, the court must make specific factual findings justifying any bar beyond 180 days. Here, the record contains no such findings.

## IV. THE BANKRUPTCY COURT ERRED IN ITS § 362(c)(4) NO-STAY ANALYSIS

**A. Vacated Dismissals Cannot Be Counted**

Section 362(c)(4)(A)(i) provides that the stay "shall not go into effect" if "2 or more single or joint cases of the debtor were pending within the previous 1-year period but were

dismissed." The court's ruling rested on the premise that the Debtor had two or more qualifying prior dismissed cases. That premise was factually erroneous.

Within the present case, two dismissals were entered and vacated: Doc. 26 (vacated by Doc. 36) and Doc. 52 (vacated by Doc. 53). The Seventh Circuit has long held that "where a court, in the discharge of its judicial functions, vacates an order previously entered, the legal status is the same as if the order had never existed." *Mitchell v. Joseph*, 117 F.2d 253, 255 (7th Cir. 1941). The Supreme Court has applied the same principle: vacatur "wipe[s] the slate clean." *Pepper v. United States*, 562 U.S. 476, 508 (2011). A vacated prior judgment provides "no legitimate support" for any later adverse consequence predicated on it. *Johnson v. Mississippi*, 486 U.S. 578, 585 (1988). The Seventh Circuit recently reaffirmed this in the statutory counting context. *United States v. Uriarte*, 975 F.3d 596 (7th Cir. 2020) (en banc).

The statutory text confirms this result. Section 362(c)(4)(A)(i) uses the past tense: cases that "were dismissed." A case whose dismissal has been vacated was not, ultimately, "dismissed." The statute looks to the end state of the case, not to whether a dismissal order was entered at some intermediate point and later vacated. To hold otherwise would penalize a debtor for a dismissal that the court itself determined was improper—the very reason the vacatur was granted. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n.7 (1978) (Rule 60(b) vacatur treats the order as never entered); *In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008) (applying strict textual analysis to § 362(c)(4) counting requirements).

The Supreme Court recently confirmed that Rule 60(b) reaches even voluntary dismissals, holding that a Rule 41(a) dismissal is a "final proceeding" subject to vacatur. *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 145 S. Ct. 690 (2025). Under § 349(b) of the Bankruptcy Code, a dismissal is designed "to undo the bankruptcy case, as far as practicable, and

to restore all property rights to the position in which they were found at the commencement of the case." H.R. Rep. No. 95-595, at 338 (1977). When the dismissal itself is vacated under Rule 60(b) (made applicable in bankruptcy by Fed. R. Bankr. P. 9024), parallel logic requires that the dismissal be treated as if it never occurred for § 362(c)(4)(A)(i) counting purposes.

The Tenth Circuit's decision in *In re Gledhill*, 76 F.3d 1070, 1079–80 & n.8 (10th Cir. 1996), further supports this analysis, holding that vacatur of a dismissal order revives the automatic stay. Although no Seventh Circuit or BAP decision has addressed this precise question in the § 362(c)(4) context, the principle is fundamental to the operation of the federal courts' remedial powers, and this Panel should hold that vacated dismissals cannot be counted under § 362(c)(4)(A)(i). The Bankruptcy Court's failure to account for the vacatur of these dismissals when counting qualifying prior dismissed cases was clear error.

## B. The Court's Own Notices Created Justifiable Reliance

The court's official notices (Docs. 13, 80, 81) represented the stay was in effect. The Western District administered the case for months under the stay. Creditor Aldasheva filed motions for relief from stay in prior Cases Nos. 23-00974 and 24-14852—judicial admissions that the stay existed. *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). The court's subsequent reversal without adequate process raises serious due process concerns. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

## C. The Court Failed to Consider § 362(c)(4)(B)

Even assuming § 362(c)(4)(A) applied, the court was required to consider whether the Debtor was entitled to reimposition of the stay upon a good-faith showing under § 362(c)(4)(B). The court failed entirely to conduct this analysis, treating the question as binary: "either there's a stay or there's not a stay." (Tr. Jan. 28, 2026 at 6:21–23.)

The Seventh Circuit's totality-of-circumstances good-faith test considers "the nature of the debt . . . ; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors." *In re Love*, 957 F.2d 1350, 1357–58 (7th Cir. 1992). The court's failure to consider § 362(c)(4)(B) at all is independently reversible error. The statute creates a right to seek reimposition of the stay, and the Debtor was deprived of the opportunity to exercise that right.

The January 28 hearing transcript confirms this failure. At no point during the hearing did the court reference § 362(c)(4)(B), invite briefing on good faith, or consider the factors relevant to reimposition of the stay. (See generally Tr. Jan. 28, 2026 (Doc. 138).) Instead, the court treated the question as binary. The court's offer that the Debtor could "come in and ask me to vacate that order if you can find the right place on the docket" (*id.* at 11:12–14) does not substitute for the required § 362(c)(4)(B) analysis.

### D. Creditor Aldasheva's Conduct Confirms Stay Protection Existed

Creditor Aldasheva, through her counsel Storer (Law Office of William J. Factor, Ltd.), filed an Emergency Motion for Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1) in Case No. 23-00974. (See Doc. 96, Ex. A.) Similarly, Aldasheva filed a motion for relief from stay in Case No. 24-14852. The filing of a motion for relief from stay is a judicial admission that the stay was in effect. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995); *see also New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001) (judicial estoppel prevents a party who succeeds in an earlier position

from later assuming a contrary position). One does not seek relief from a legal restriction that does not exist.

Aldasheva's conduct in those cases is relevant to two questions: first, whether the automatic stay was in fact operative in those cases (it was, as demonstrated by the creditor's own filings); and second, whether the court's determination regarding the Debtor's filing history was accurate. If the stays were acknowledged as valid, the manner in which those cases were resolved—and whether they properly count as "dismissed" cases under § 362(c)(4)—warrants careful scrutiny that the Bankruptcy Court failed to undertake.

## V.     CASCADING VACATUR

The errors formed a causal chain. Doc. 92 erroneously determined no stay existed. Without stay protection, the Debtor was exposed to creditor actions that impaired his financial position. Doc. 111 dismissed the case for failure to make plan payments—a failure proximately caused by the no-stay ruling.

Where a subsequent order flows from a prior order, reversal of the prior order requires vacatur of the subsequent order. 28 U.S.C. § 2106; Fed. R. Civ. P. 60(b)(5) (made applicable by Fed. R. Bankr. P. 9024). The principle is confirmed by negative implication from 11 U.S.C. § 363(m): Congress specifically protected certain sales from cascading vacatur, showing awareness that without such protection, reversal normally cascades. *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 295–96 (2023). Where Congress has not enacted such protection—as with dismissal orders—the normal rule applies.

### CONCLUSION

For the foregoing reasons, the Debtor-Appellant respectfully requests that this Court:

    **1.**       Reverse the No-Stay Order (Doc. 92) and remand for proper analysis under § 362(c)(4), including a good-faith determination under § 362(c)(4)(B);

    **2.**       Vacate the Order of Dismissal (Doc. 111) and the associated one-year nationwide refiling bar;

    **3.**       Remand for proceedings consistent with § 1307(c) and § 102(1), including adequate notice and a meaningful opportunity to be heard; and

    **4.**       In the alternative, vacate the one-year refiling bar as disproportionate and remand for consideration of a lesser sanction.

Brian Sexton
By: /s/
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

Respectfully submitted,

Brian L. Sexton
Pro Se Debtor-Appellant
540 N. Dearborn St., #10023
Chicago, Illinois 60610
(708) 820-8170

Dated: April 27, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Bankruptcy Procedure 8015(a)(7) and (g), and the standing order of the Honorable Charles P. Kocoras for bankruptcy appeals, the undersigned certifies that this brief complies with the applicable page limitation. The body of this brief (from the Jurisdictional Statement through the Conclusion and signature block) does not exceed 15 pages. Consistent with FRBP 8015(g), the following items are excluded from the length computation: the cover page, corporate disclosure statement, table of contents, table of citations, certificates of counsel, signature block, and proof of service.

Brian Sexton
By: /s/
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

Brian L. Sexton

## CERTIFICATE OF SERVICE

I, Brian L. Sexton, hereby certify that on April 27, 2026, I caused a copy of the foregoing

Appellant's Opening Brief to be served upon the following parties via the Court's CM/ECF

system and by email:

Marilyn O. Marshall, Chapter 13 Trustee
224 South Michigan Avenue, Suite 800
Chicago, Illinois 60604

Jeffrey K. Paulsen
Paulsen+Holtschlag LLC
1245 S. Michigan, No. 115
Chicago, Illinois 60605
Email: jpaulsen@ph-firm.com
(Counsel for Creditor Jamila Aldasheva)

Kristin Conwell
Huck Bouma PC
1755 S. Naperville Rd., Suite 200
Wheaton, Illinois 60189
Email: KristinConwell@hsbattys.com; bankruptcy@hsbattys.com

Office of the United States Trustee
219 South Dearborn Street, Suite 873
Chicago, Illinois 60604

By: /s/
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

Brian L. Sexton
Pro Se Debtor-Appellant