




FILED
4/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 26-cv-02169 |
| | ) |
| BRIAN L. SEXTON, | ) Hon. Charles P. Kocoras |
| | ) |
| Debtor. | ) On Appeal from the United |
| | ) States Bankruptcy Court for |
| _____ | ) the Northern District of |
| | ) Illinois, Case No. 25-18672 |
| BRIAN L. SEXTON, | ) (Hon. Nancy A. Peterman) |
| | ) |
| Appellant, | ) |
| | ) Order Appealed: Order |
| v. | ) Granting Motion to Dismiss |
| | ) and Bar Debtor from |
| JAMILA ALDASHEVA, | ) Refiling, dated 2/11/2026 |
| | ) (Bankr. ECF No. 111) |
| Appellee. | ) |

**APPELLANT'S MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL DESIGNATION OF ITEMS TO BE INCLUDED**
**IN THE RECORD ON APPEAL PURSUANT TO**
**FED. R. BANKR. P. 8009(e)(2)(C)**

Appellant Brian L. Sexton ("Appellant"), pro se, respectfully moves this Court for leave

to file the Supplemental Designation of Items to be Included in the Record on Appeal attached

hereto as Exhibit A and to direct the Clerk of the United States Bankruptcy Court for the

Northern District of Illinois to certify and transmit the supplemental record. The motion is made

pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(2)(C), which expressly authorizes

"the court where the appeal is pending" to correct the omission of material items from the record.

In support of this Motion, Appellant states as follows:

**I. INTRODUCTION AND PROCEDURAL POSTURE**

1. On February 11, 2026, the United States Bankruptcy Court for the Northern District of

Illinois (Hon. Deborah L. Thorne) entered an Order Granting Motion to Dismiss and Bar Debtor

from Refiling (Bankr. ECF No. 111), dismissing Appellant's Chapter 13 case and barring refiling

1

for one year. Appellant timely filed his Notice of Appeal (Bankr. ECF No. 115) on February 25, 2026. The appeal was docketed in this Court as Case No. 26-cv-02169 and assigned to the Honorable Charles P. Kocoras.

2.  On March 20, 2026, Appellant timely filed his Appellant Designation of Contents for Inclusion in Record and Statement of Issues on Appeal in the bankruptcy court (Bankr. ECF No. 135) (the "Initial Designation"), enumerating forty (40) docket items. The bankruptcy clerk transmitted the record to this Court on March 27, 2026 (Bankr. ECF No. 140; District Court docketing entry, Bankr. ECF No. 141). The bankruptcy clerk filed an Addendum to Record on Appeal on April 8, 2026 (Bankr. ECF No. 146).

3.  Subsequent comprehensive cross-reference of the Initial Designation against the citations developed in Appellant's Opening Brief disclosed that numerous docket items explicitly relied upon in the brief were inadvertently omitted from the Initial Designation. The omissions span substantially the entire procedural sequence between January 27 and February 11, 2026 — the very period in which the procedural and due process errors complained of on appeal occurred — and include both Appellant's motions and objections and the bankruptcy court's orders mooting or denying them.

4.  Federal Rule of Bankruptcy Procedure 8009(e)(2)(C) authorizes "the court where the appeal is pending" to correct the omission of material items from the record "by error or accident" and to certify and transmit a supplemental record. Appellant respectfully requests that this Court exercise that authority to direct the inclusion of the items identified in Exhibit A and to direct the bankruptcy clerk to certify and transmit the supplemental record.

## II.  LEGAL STANDARD

5.  Federal Rule of Bankruptcy Procedure 8009(e)(2) provides that "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted: (A) on stipulation of the parties; (B) by the bankruptcy court before or after the record has been forwarded; or (C) by the court where the appeal is pending." Two requirements govern relief: (a) the omitted item must be "material to either party," and (b) the omission must have occurred "by error or accident." Both requirements are amply satisfied here.

6.  Subsection (C) provides this Court with independent authority to correct the record. That authority is appropriately exercised where, as here, the appeal is pending in the district court, the record has already been transmitted, and the materiality of the omitted items is established by direct cross-reference to the Opening Brief.

## III.  ARGUMENT

### A.  The Omitted Items Are Material to Each of the Issues on Appeal.

7.  The Initial Designation omits docket items that are material to all five issues identified in the Statement of Issues on Appeal. The omissions cluster in four groups, each of which corresponds to a specific argument developed in the Opening Brief.

8.  Group 1 — The procedural sequence underlying Arguments I and II (§ 1307(c) procedural failure and Fifth Amendment due process). The Opening Brief argues that Appellant was denied notice and a meaningful opportunity to be heard before the dismissal with refiling bar. The record evidence of that denial consists of: (a) Appellant's Notice of Objection to Aldasheva's Motion to Confirm Termination or Absence of Stay (Bankr. ECF No. 87); (b) Appellant's Application to Set Hearing on Emergency Motion and the attached 54-page

3

Emergency Motion (Bankr. ECF No. 88) and supporting Declaration (Bankr. ECF No. 89); (c) the bankruptcy court's Order Denying that Application without hearing (Bankr. ECF No. 90); (d) Appellant's Motion to Dismiss Chapter 13 Bankruptcy Case on Debtor's Initiative under 11 U.S.C. § 1307(b) (Bankr. ECF No. 98), Application to Set Hearing thereon (Bankr. ECF No. 99) with exhibits (Bankr. ECF No. 100), and the bankruptcy court's Order Granting that application (Bankr. ECF No. 101); (e) Appellant's Motion to Prohibit Further Filings by Aldasheva and Paulsen (Bankr. ECF No. 94) with exhibits and declaration (Bankr. ECF Nos. 95, 96, 97); (f) Appellant's 39-page Notice of Objection to Aldasheva's Motion to Dismiss with Refiling Bar (Bankr. ECF No. 105); (g) Appellant's 25-page Renewed Emergency Motion to Reconsider the no-stay order (Bankr. ECF No. 106); (h) Appellant's Motion for Sanctions Against Debtor's Attorney under Rule 9011 (Bankr. ECF No. 102); and (i) the bankruptcy court's four (E)Orders disposing of those motions on February 11, 2026 — mooting Bankr. ECF Nos. 98, 94, and 106 (Bankr. ECF Nos. 108, 109, 110) and denying Bankr. ECF No. 102 (Bankr. ECF No. 112).

9.  Without these items, the District Court cannot evaluate the central factual proposition of Arguments I and II: that Appellant tendered substantial substantive opposition and emergency motion practice that the bankruptcy court declined to address before entering the dismissal-with-bar. This includes the bankruptcy court's mooting of Appellant's motion for voluntary dismissal under 11 U.S.C. § 1307(b), which confers an absolute right of voluntary dismissal in a Chapter 13 case absent a prior conversion. The mooting of the § 1307(b) motion is a focal point of the appeal and cannot be evaluated without the underlying motion (Bankr. ECF No. 98) and the mooting order (Bankr. ECF No. 108).

10.  Group 2 — The vacated-dismissal record underlying Argument IV (§ 362(c)(4) error). The Opening Brief argues that the bankruptcy court erroneously analyzed the automatic

4

stay because prior dismissals had been vacated and therefore did not trigger the no-stay rule of 11 U.S.C. § 362(c)(4). The Initial Designation includes the dismissed orders themselves but omits the orders that vacated them. Specifically, the Initial Designation omits: (a) the Order of the Court Vacating the Dismissal and Reinstating the Case dated October 6, 2025 (Bankr. ECF No. 36, transferred from W.D. Mo.), which vacated the September 16, 2025 dismissal at Bankr. ECF No. 26; (b) the Order Approving Final Account that was subsequently vacated (Bankr. ECF No. 29, transferred from W.D. Mo.); and (c) the Order of the Court Vacating Document dated October 10, 2025 (Bankr. ECF No. 44, transferred from W.D. Mo.), which vacated the final-account order at Bankr. ECF No. 29. These vacatur orders are essential record evidence for the proposition that the prior dismissals did not produce the dismissal-and-cessation sequence that triggers § 362(c)(4).

11. Group 3 — The Claims Registers underlying the procedural posture of Aldasheva's motions. The Claims Registers of both the United States Bankruptcy Court for the Western District of Missouri (Case No. 25-20382) and the United States Bankruptcy Court for the Northern District of Illinois (Case No. 25-18672) reflect five proofs of claim totaling $72,243.60, none of which is a claim by Appellee Jamila Aldasheva. The Claims Registers are part of the official court record under 11 U.S.C. § 501 and Fed. R. Bankr. P. 5005, and they are material to procedural and standing-related arguments developed in the Opening Brief. Appellant respectfully designates the Claims Registers of both districts for transmission as part of the supplemental record.

12. Group 4 — Transcript designations and prior-filings notice. The Initial Designation enumerates the underlying transcripts in Section II but omits the corresponding docket entries for the filed transcripts (Bankr. ECF Nos. 138 and 139). To ensure complete transmission under

Federal Rules of Bankruptcy Procedure 8009 and 8010, Appellant designates Bankr. ECF Nos. 138 and 139 in Section I of the supplement. Appellant also designates the Notice of Debtor's Prior Filings (Bankr. ECF No. 79), which is material to the proportionality analysis underlying Argument III (refiling-bar abuse of discretion).

### B. The Omissions Were the Result of Error and Accident.

13. The Initial Designation was prepared in good faith based on a contemporaneous review of the bankruptcy court docket. The omissions were not strategic; to the contrary, each omitted item is explicitly cited in the Opening Brief and is essential to the issues Appellant has elected to press. The omissions were discovered only upon a comprehensive cross-reference between the Opening Brief's record citations and the Initial Designation's enumerated items, conducted after the briefing was prepared. Rule 8009(e)(2) was designed precisely for this circumstance: a material omission discovered upon focused review of the appellate work product.

### C. No Party Will Be Prejudiced by Granting Leave.

14. The supplemental designation is limited to items already on the public bankruptcy court docket since their original filing dates and to the official Claims Registers, which Appellee and her counsel have had unrestricted access to at all times. The supplement adds no extra-record material. Appellee's timely-filed Appellee Designation of Contents (Bankr. ECF No. 145) was filed on April 3, 2026; the supplement does not require Appellee to amend her designation, and any items she elects to add can be added at the same time. Granting the relief requested will not require additional briefing and does not disturb any existing schedule before this Court.

15. Conversely, denying leave would prejudice Appellant by leaving the Opening Brief's record citations without supporting record materials, frustrating the District Court's ability to

evaluate factual representations on which the appeal depends. The interest in accurate appellate review weighs decisively in favor of supplementation.

**D. This Court Has Authority to Grant the Requested Relief Under Rule 8009(e)(2) (C).**

16. Federal Rule of Bankruptcy Procedure 8009(e)(2)(C) expressly empowers "the court where the appeal is pending" to correct the omission of material items from the record. The appeal is pending in this Court. The record has been transmitted (Bankr. ECF No. 140); the bankruptcy clerk has demonstrated capacity to certify and transmit additional record material (Bankr. ECF No. 146, Addendum to Record on Appeal). This Court is the appropriate forum to direct the supplementation, and the Court's order will direct the bankruptcy clerk to certify and transmit the supplemental record under Rule 8010.

## IV. RELIEF REQUESTED

WHEREFORE, Appellant Brian L. Sexton respectfully requests that this Court enter an order:

A. Granting Appellant leave to file the Supplemental Designation of Items to be Included in the Record on Appeal attached hereto as Exhibit A, deemed filed as of the date of this Court's order;

B. Directing the Clerk of the United States Bankruptcy Court for the Northern District of Illinois to certify and transmit a supplemental record to this Court under Federal Rules of Bankruptcy Procedure 8009(e)(2) and 8010, including: (i) the docket items listed in the Supplemental Designation; (ii) the corresponding filed transcripts of the January 28, 2026 and February 11, 2026 hearings; and (iii) the Claims Registers of the bankruptcy proceedings designated in the Supplemental Designation;

C. Confirming that entry of this order does not modify any briefing schedule currently in effect; and

D. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Brian Sexton
By: /s/
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

_____

Brian L. Sexton
Appellant, pro se
540 N. Dearborn St., #10023
Chicago, IL 60610
(708) 820-8170
bsextoneil@gmail.com

Dated: April 27, 2026

8

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 26-cv-02169 |
| | ) | |
| BRIAN L. SEXTON, | ) | Hon. Charles P. Kocoras |
| | ) | |
| Debtor. | ) | On Appeal from the United |
| | ) | States Bankruptcy Court for |
| _____ | ) | the Northern District of |
| | ) | Illinois, Case No. 25-18672 |
| BRIAN L. SEXTON, | ) | (Hon. Nancy A. Peterman) |
| | ) | |
| Appellant, | ) | |
| | ) | Order Appealed: Order |
| v. | ) | Granting Motion to Dismiss |
| | ) | and Bar Debtor from |
| JAMILA ALDASHEVA, | ) | Refiling, dated 2/11/2026 |
| | ) | (Bankr. ECF No. 111) |
| Appellee. | ) | |

**EXHIBIT A**
**SUPPLEMENTAL DESIGNATION OF ITEMS TO BE INCLUDED**
**IN THE RECORD ON APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(2)(C), Appellant Brian L.

Sexton hereby supplements his Designation of Contents for Inclusion in Record (Bankr. ECF

No. 135, filed March 20, 2026) by designating the following additional items. The numbering

below continues from the forty (40) items enumerated in the Initial Designation.

**I.  SUPPLEMENTAL DOCUMENT DESIGNATION**

| Item No. | ECF | Date Filed | Description |
|---|---|---|---|
| 41 | 29 | 10/02/2025 | Order Approving Final Account of Chapter 13 Trustee (subsequently vacated by Bankr. ECF No. 44) [transferred from W.D. Mo. on 12/05/2025] |
| 42 | 36 | 10/06/2025 | Order of the Court Vacating the Dismissal and Reinstating the Case (vacating Bankr. ECF No. 26) [transferred from W.D. Mo. on 12/05/2025] |
| 43 | 44 | 10/10/2025 | Order of the Court Vacating Document (vacating Order Approving Final Account at Bankr. ECF No. 29) [transferred from W.D. Mo. on 12/05/2025] |
| 44 | 79 | 12/08/2025 | Notice of Debtor's Prior Filings (listing Case Nos. 25-20382 (W.D. Mo.), 25-09774, 24-14852, and 23-00974 (N.D. Ill. Bankr.)) |
| 45 | 87 | 01/27/2026 | Notice of Objection Filed by Brian L Sexton (RE: 82 Motion to Confirm Termination or Absence of Stay) |
| 46 | 88 | 01/28/2026 | Application to Set Hearing on Emergency Motion Filed by Brian L Sexton |

9

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Emergency Motion, 54 pages) |
| 47 | 89 | 01/28/2026 | Declaration of Brian Sexton in Support of Emergency Motion (RE: 88 Application to Set Hearing on Emergency Motion) |
| 48 | 90 | 01/28/2026 | Order Denying Application to Set Hearing on Emergency Motion (Related Doc # 88), signed 1/28/2026 |
| 49 | 94 | 02/05/2026 | Notice of Motion and Motion to Prohibit Further Filings by Jamila Aldasheva and Jeffrey K. Paulsen, to Declare Them Restricted Filers, and to Refer Attorney Paulsen for Disciplinary Proceedings (with Request for Emergency Interim Suspension) Filed by Brian L Sexton |
| 50 | 95 | 02/05/2026 | Attachment(s) Exhibits A, B, C, D, E, F Filed by Brian L Sexton (RE: 94 Motion) |
| 51 | 96 | 02/05/2026 | Attachment(s) G, H, I, J Filed by Brian L Sexton (RE: 94 Motion) (67 pages) [includes Aldasheva's prior relief-from-stay motion as exhibit, material to Argument IV.D (Aldasheva judicial admission)] |
| 52 | 97 | 02/05/2026 | Declaration In Support of Motion Filed by Brian L Sexton (RE: 94 Motion) |
| 53 | 98 | 02/06/2026 | Notice of Motion and Motion to Dismiss Chapter 13 Bankruptcy Case on Debtor's Initiative Filed by Brian L Sexton (motion under 11 U.S.C. § 1307(b)) |
| 54 | 99 | 02/06/2026 | Application to Set Hearing on Motion to Dismiss Chapter 13 Bankruptcy Case on Debtor's Initiative Filed by Brian L Sexton |
| 55 | 100 | 02/06/2026 | Attachment(s) Exhibits Filed by Brian L Sexton (RE: 99 Application to Set Hearing on Motion to Dismiss) |
| 56 | 101 | 02/06/2026 | Order Granting Application to Set Hearing on Motion to Dismiss Chapter 13 Bankruptcy Case on Debtor's Initiative (Related Doc # 99), signed 2/6/2026 |
| 57 | 102 | 02/06/2026 | Notice of Motion and Motion for Sanctions Against Debtor's Attorney Under Rule 9011 Filed by Brian L Sexton |
| 58 | 105 | 02/10/2026 | Notice of Objection Filed by Brian L Sexton (39 pages) (RE: 84 Motion to Dismiss and Bar Debtor from Refiling) |
| 59 | 106 | 02/10/2026 | Renewed Emergency Motion to Reconsider Order Confirming Termination or Absence of Stay (25 pages) Filed by Brian L Sexton |
| 60 | 108 | 02/11/2026 | (E)Order Mooting Motion to Dismiss (Related Doc # 98) (mooting Appellant's § 1307(b) motion) |
| 61 | 109 | 02/11/2026 | (E)Order Mooting Motion (Related Doc # 94) (mooting Motion to Prohibit Further Filings) |
| 62 | 110 | 02/11/2026 | (E)Order Mooting Motion for Relief from Judgment or Order (Related Doc # 106) (mooting Renewed Emergency Motion to Reconsider) |
| 63 | 112 | 02/11/2026 | (E)Order Denying for the Reasons Stated on the Record Sanctions Against Debtor's Attorney Rule 9011 (Related Doc # 102), signed 2/11/2026 |
| 64 | 138 | 03/26/2026 | Transcript regarding Hearing Held 01/28/26 (RE: related document(s) 88 Application to Set Hearing on Emergency Motion); transcript access restricted through 06/24/2026 |
| 65 | 139 | 03/26/2026 | Transcript regarding Hearing Held 02/11/26 (RE: related document(s) 108 Order on Motion to Dismiss); transcript access restricted through 06/24/2026 |

## II. SUPPLEMENTAL TRANSCRIPT DESIGNATION

To the extent not already transmitted as part of the original record, Appellant designates

the filed transcripts of the following proceedings (corresponding to Bankr. ECF Nos. 138 and

139) for inclusion in the supplemental record under Federal Rules of Bankruptcy Procedure 8009 and 8010:

A.  Hearing held January 28, 2026, before the Honorable Deborah L. Thorne, United States Bankruptcy Judge; and

B.  Hearing held February 11, 2026, before the Honorable Deborah L. Thorne, United States Bankruptcy Judge.

### III.  SUPPLEMENTAL DESIGNATION OF CLAIMS REGISTERS

Pursuant to 11 U.S.C. § 501 and Federal Rule of Bankruptcy Procedure 5005, Appellant designates the following Claims Registers for inclusion in the supplemental record:

A.  Claims Register, *In re Brian L. Sexton*, Case No. 25-20382-can13, United States Bankruptcy Court for the Western District of Missouri (reflecting five claims totaling $72,243.60, no claim filed by Jamila Aldasheva); and

B.  Claims Register, *In re Brian L. Sexton*, Case No. 25-18672, United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) (reflecting the same five transferred claims, no claim filed by Jamila Aldasheva).

### IV.  NO AMENDMENT TO STATEMENT OF ISSUES ON APPEAL

Appellant's Statement of Issues on Appeal, filed concurrently with the Initial Designation on March 20, 2026 (Bankr. ECF No. 135), is unchanged. This Supplemental Designation does not alter, supersede, or amend any issue identified in the Statement of Issues. The supplemental items are designated solely to support factual representations developed in Appellant's Opening Brief on issues already preserved and to ensure that the District Court has the complete record necessary for plenary review.

Respectfully submitted,



Brian L. Sexton
Appellant, pro se
540 N. Dearborn St., #10023
Chicago, IL 60610
(708) 820-8170
bsextoneil@gmail.com


Dated: April 27, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 26-cv-02169 |
| | ) | |
| BRIAN L. SEXTON, | ) | Hon. Charles P. Kocoras |
| | ) | |
| Debtor. | ) | On Appeal from the United |
| | ) | States Bankruptcy Court for |
| _____ | ) | the Northern District of |
| | ) | Illinois, Case No. 25-18672 |
| BRIAN L. SEXTON, | ) | (Hon. Nancy A. Peterman) |
| | ) | |
| Appellant, | ) | |
| | ) | Order Appealed: Order |
| v. | ) | Granting Motion to Dismiss |
| | ) | and Bar Debtor from |
| JAMILA ALDASHEVA, | ) | Refiling, dated 2/11/2026 |
| | ) | (Bankr. ECF No. 111) |
| Appellee. | ) | |

**CERTIFICATE OF SERVICE**

I, Brian L. Sexton, hereby certify that on April 27, 2026, I caused a true and correct copy of the foregoing Appellant's Motion for Leave to File Supplemental Designation of Items to be Included in the Record on Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(2)(C), together with Exhibit A (Supplemental Designation) and Proposed Order, to be served on the parties identified below pursuant to Federal Rule of Bankruptcy Procedure 8011(d) by the methods indicated:

**Via the Court's CM/ECF Electronic Filing System (District Court, Case No. 26-cv-02169) and/or the bankruptcy court's CM/ECF (Case No. 25-18672):**

Marilyn O. Marshall, Chapter 13 Trustee
Email: courtdocs@chi13.com

Kristin J. Conwell, Esq.
Email: KristinConwell@hsbattys.com; bankruptcy@hsbattys.com

Jeffrey K. Paulsen, Esq., counsel for Appellee Jamila Aldasheva
Email: jpaulsen@ph-firm.com

15

Any other party that appeared in the bankruptcy proceeding and is registered for electronic notice via the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 27, 2026.

By: /s/ Brian Sexton
540 N. Dearborn St. #10023
Chicago, IL 60610
bsextoneil@gmail.com

_____

Brian L. Sexton
Appellant, pro se

16